# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THOMAS HUNTLEY,<br><br>　　　　Defendant. | No. CR06-4112-MWB<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on December 21, 2006. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Thomas Huntley appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. The Government offered the testimony of ATF Special Agent Todd Monney.

The court must determine whether any condition or combination of conditions will reasonably assure Huntley's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Huntley as required and the safety of the community if the court finds there is probable cause to believe Huntley committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk

of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence for purposes of detention indicates Huntley participated in a transaction in which he traded drugs for a stolen firearm. He then sold the firearm to another. Huntley and another individual ran a potential witness off the road in their vehicle, and threatened the potential witness and his wife. In addition, at the time of Huntley's arrest, he was very aggressive with Agent Monney despite being told twice to stand down. Huntley's statements at the time of his arrest evidence a great deal of anger toward the potential witness against whom Huntley previously made threats. Further, Huntley has failed to offer any evidence to rebut the presumption that he is a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Huntley would be able to refrain from continuing to engage in criminal activities if he were released.

On the issue of risk of flight, the court notes Huntley's work history has been sporadic for the past year. In addition, although he claims Iowa as his home, he lived out of state for some ten years and only returned to Iowa about two years ago. These facts, together with his previous failure to appear, indicate he poses a risk of flight.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Huntley is a flight risk, and by clear and convincing evidence that Huntley would be a danger to the community if released. Therefore, the court finds the following:

1. Huntley is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Huntley reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Huntley to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Huntley must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 21st day of December, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT