**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THOMAS HUNTLEY,<br><br>　　　　　Defendant. | No. CR06-4112-MWB<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COUNTS 1 & 4** |

_____

　　　　This matter is before the court on the defendant's motion (Doc. No. 28) to dismiss Counts 1 and 4 of the Indictment. The motion has been resisted by the plaintiff (the "Government"). (Doc. No. 31)

　　　　On December 14, 2006, the defendant Thomas Huntley was charged in a four-count Indictment. In Count 1, he was charged with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of title 18, United States Code, section 922(g)(9). In Count 4, he was charged with possessing a different firearm on a different date after having been convicted of a misdemeanor crime of domestic violence, also in violation of section 922(g)(9).[1] In both Counts 1 and 4, the predicate misdemeanor crime of domestic violence was a November 6, 1995, assault conviction in Monona County, Iowa, state court.

　　　　In the Monona County, Iowa, case, Huntley was charged with "[a]ssault[ing] his Live-in girlfriend," in violation of Iowa Code sections 708.1(1) and 236.2(2)(a). (*See* Doc. No. 30-2) In an affidavit in support of the complaint, an officer reported that the following events had occurred:

---

[1]In Count 2, Huntley was charged with distribution of methamphetamine, and in Count 3 he was charged with using a firearm during and in relation to a drug trafficking crime. Thsse counts are not addressed in his motion to dismiss.

> On January 15, 1995 at approximately 6:30 p.m. Dispatch was advised of a Domestic Dispute at the above address. . . . I went to the residence and met with the [Complainant], who stated that her Live-in Boyfriend who pays half the rent grabbed her around the throat and then pushed her into a wall. I could see some redness around her neck caused when [Huntley] grabbed her. I then requested that [the Complainant] go to the [Law Enforcement Center]. [She] was taken to the LEC by a friend. I asked a female dispatcher [to] look at the area [the Complainant] was grabbed and see if she could photograph any physical signs of abuse. The dispatcher saw redness in the area of the neck and also some redness to her back where she had hit the wall. Both areas were photographed. It should also be noted that [Huntley] pushed [the Complainant] down on the couch.

(Doc. No. 30-2)

Iowa Code Section 708.1(1) provides that a person commits an assault when, without justification, the person does "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." Iowa Code Section 236.2(2)(a), part of the Iowa Domestic Abuse Act, defines domestic abuse to include any assault "between family or household members who resided together at the time of the assault."

Huntley was not convicted on the original charge of domestic abuse assault. Instead, on November 6, 1995, he pled guilty to simple assault under Iowa Code Sections 708.1(1) and 708.2(4),[2] and was sentenced to two days in jail. (*See* Doc. No. 28-3)

---

[2] In 1995, Iowa Code Section 708.2(4) provided that "[a]ny other assault, except as otherwise provided, is a simple misdemeanor." The subsection was renumbered as Iowa Code Section 708.2(6) in 2003.

On February 7, 2007, Huntley filed the present motion in this case, asking the court to dismiss Counts 1 and 4 of the Indictment. (Doc. No. 28-1) He supports his motion with a brief (Doc. No. 28-2), a copy of the Complaint and Affidavit filed in the state misdemeanor case (Doc. No. 30-2), and a copy of the judgment entered in the state case (Doc. No. 28-3). In the motion to dismiss, he argues that the November 6, 1995, Monona County conviction is not, as a matter of law, a "misdemeanor crime of domestic violence" for purposes of section 922(g)(9). In the Government's very brief resistance, the Government argues Huntley's assertions go to the strength of the Government's case and are not proper bases for a motion to dismiss. (Doc. No. 31)

Title 18, United States Code, section 922(g)(9) provides, in relevant part, "It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . to . . . possess in or affecting commerce, any firearm. . . ." In Title 18, United States Code, section 921(a)(33)(A)(ii), in relevant part, defines a "misdemeanor crime of domestic violence" as a crime that "has, as an element, the use or attempted use of physical force . . . by a person who is cohabiting with or has cohabited with the victim as a . . . person similarly situated to a spouse. . . ." Domestic violence against a live-in girlfriend constitutes domestic violence under federal law. *Buster v. United States*, 447 F.3d 1130, 1133 (8th Cir. 2006).

In *United States v. Smith*, 171 F.3d 17 (8th Cir. 1999), the Eighth Circuit Court of Appeals considered facts similar, in may respects, to those present in this case. Smith appealed from a conviction under 18 U.S.C. § 922(g)(9). The predicate offense for Smith's conviction was, as in the present case, a conviction resulting from a guilty plea to a simple misdemeanor assault charge under Iowa Code section 708.2(4). Smith first argued that because a simple assault charge under Iowa law does not require, as an element of the offense, that the defendant and victim be in a domestic relationship, such a conviction could not be the basis of a conviction under 18 U.S.C. § 922(g)(9). The court reviewed the plain meaning of the language of the federal statute defining "misdemeanor

3

crime of domestic violence" (18 U.S.C. § 921(a)(33)), as well as the legislative history of the statute, and held that section 921(a)(33) "requires the predicate misdemeanor to have only one element: the use or attempted use of physical force (or its alternative, the threatened use of a deadly weapon, a situation not here presented)." *Smith*, 171 F.3d at 620. The court concluded a conviction of simple assault in state court can be the predicate conviction for a charge under section 922(g)(9), even if the state court charge does not include, as an element of the charge, the allegation that the assault involved domestic violence.[3]

The *Smith* court next addressed the question of whether the predicate misdemeanor had, as an element, the use or attempted use of physical force. The court's analysis is directly on point here:

> Smith pleaded guilty to simple misdemeanor assault under Iowa Code § 708.2(4). The Iowa assault statute distinguishes between aggravated misdemeanor assaults, serious misdemeanor assaults, and simple misdemeanor assaults based on the level of intent and whether a dangerous weapon was involved. *See* Iowa Code § 708.2(1)-(4). All assaults are defined by reference to § 708.1, which defines "assault" as occurring when a person does any of the following:
>
>> (1) Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another. . . .
>>
>> (2) Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive. . . .
>
> Thus, a generic assault in Iowa may include, as an element, placing another in fear of imminent physical contact. If Smith

---

[3]Every other circuit court addressing this issue has reached the same result. *See United States v. Nobriga*, 474 F.3d 561, 563 (9th Cir. 2006).

pleaded guilty to § 708.1(2), then he was not convicted of an offense that "has, as an element, the use or attempted use of force." 18 U.S.C.A. § 921(a)(33)(A)(ii).

When statutory language dictates that predicate offenses contain enumerated elements, we must look only to the predicate offense rather than to the defendant's underlying acts to determine whether the required elements are present. *See United States v. Wright*, 957 F.2d 520, 522 (8th Cir.) (construing United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(1)(i), which defines "crime of violence" as an offense that " has as an element, the use, attempted use, or threatened use of physical force" (*emphasis added*)), *cert. denied*, 506 U.S. 856, 113 S. Ct. 167, 121 L. Ed.2d 114 (1992). We may expand our inquiry under this categorical approach to review the charging papers and jury instructions, if applicable, only to determine under which portion of the assault statute Smith was convicted. *See Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990).

This case is quite similar to *Taylor*, which involved a sentence enhancement under 18 U.S.C. § 924(e) for prior burglaries. The Supreme Court read § 924(e) as requiring the predicate burglary offense to contain the elements of generic burglary, precluding a court from looking to the defendant's underlying conduct. *See Taylor*, 495 U.S. at 600-01, 110 S. Ct. 2143. The Court noted that the federal sentencing court could go beyond the mere fact of conviction, for example, and look to the charging papers and jury instructions to determine if the jury was required to actually find the elements of generic burglary in order to convict the defendant. *Id*. at 602, 110 S. Ct. 2143. The Supreme Court remanded *Taylor* because the Court could not determine, from the record before it, under which subsection of the Missouri burglary statute the defendant had pleaded guilty and been convicted. *Id*. On remand, the government produced the charging papers, which detailed the elements of the crimes to which the defendant had pleaded guilty, though the papers did not include a reference to the specific section of the state burglary statute. *See United States v. Taylor*, 932 F.2d 703, 707 (8th Cir.), *cert. denied*, 502 U.S. 888, 112 S. Ct. 247, 116 L. Ed. 2d 202 (1991). On

5

> appeal from the remand, we held that it was appropriate under the Supreme Court's ruling in a case where the predicate convictions were the result of a guilty plea, to look to the charging papers to determine to which section of a statute a defendant pleaded guilty. *See id*. at 707-08. *See also United States v. Einfeldt*, 138 F.3d 373, 378 (8th Cir.) (looking to the information's specific allegations where the defendant pleaded guilty to a predicate act of burglary to determine if the predicate act was generic burglary under *Taylor*; district court can look to the "charging document as a whole"), *cert. denied*, 525 U.S. 851, 119 S. Ct. 126, 142 L. Ed. 2d 102 (1998).
>
> The state court complaint accused Smith of "commit[ting] an act which was intended to cause pain or injury to another, coupled with the apparent ability to execute said act." . . . The complaint recited that Smith grabbed Lorenson "by the throat, and did also push her down." (*Id*.) Thus, Smith was charged under Iowa Code § 708.1(1), for committing an act intended to cause pain, injury, or offensive or insulting physical contact, rather than § 708.1(2), for placing one in fear of such contact. As such, Smith was charged, and pleaded guilty to, an offense with an element of physical force within the meaning of 18 U.S.C.A. § 921(a)(33)(A)(ii).

*Smith*, 171 F.3d at 620-21.

Similarly, the state court complaint in the present case charged Huntley with grabbing the victim around the neck and pushing her against a wall, causing redness around her neck and on her back, and then pushing her down on a couch. Under the reasoning of the court in *Smith*, these factual allegations would be sufficient to bring the simple assault conviction within section 708.1(1), rather than 708.1(2). The court does not need to engage in this analysis, however. Unlike *Smith*, in this case, the state court judgment establishes that Huntley did not just plead to a generic "simple assault" charge, but he specifically pled guilty to an assault under section 708.1(1). (*See* Doc. No 28-3)

Huntley argues that even if he pled guilty to "assault" under Iowa Code section 708.1(1), the conviction does not have, as a necessary element, "the use or

6

attempted use of physical force," as required by 18 U.S.C. § 921(a)(33)(A)(ii). Huntley argues, "It is far from clear, however, that every 'insulting or offensive' physical contact requires physical force. Mere touch might, under easily imaginable circumstances, be highly offensive without requiring any appreciable degree of physical force." (Doc. No. 28-2, p. 3)

The *Smith* court specifically addressed this argument, noting it has "little merit." *Smith*, 171 F.3d at 621 n.2. The Court concluded that because "physical contact" is a requirement of section 708.1(1), "such physical contact, by necessity, requires physical force to complete." *Id*. On this reasoning, the requirement of "physical force" in 18 U.S.C. § 921(a)(33)(A)(ii) is, therefore, satisfied by a conviction under Iowa Code § 708.1(1).

Huntley nevertheless argues that while "physical force" might require "physical contact," the reverse is not necessarily true. According to Huntley, physical force requires something more than mere physical contact, and more still than physical contact that might be insulting or offensive to another. However, the court in *Smith*, in essence, found that the "physical force" required for there to be a misdemeanor crime of domestic violence under federal law is equivalent to the "physical contact" required as an element of a conviction under the Iowa definition of "assault." Other courts have agreed with this approach. *See United States v. Griffith*, 455 F.3d 1339, 1344-45 (11th Cir. 2006) (concluding common sense and the laws of physics provide that any contact results from an application of force); *United States v. Nason*, 269 F.3d 10, 20-21 (1st Cir. 2001) (concluding a state statute criminalizing "offensive physical contact" requires the use of "physical force"); *but see United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003) ("The phrase 'physical force' in the federal definition at 18 U.S.C. § 921(a)(33)(A)(ii) means the violent use of force against the body of another individual."); *Flores v. Ashcroft*, 350 F.3d 666, 669-70 (7th Cir. 2003) (interpreting a similar provision of the Immigration and Naturalization Act that requires an underlying offense to have as an element the use of

physical force; concluding that intentional touching resulting in bodily injury does not necessarily involve physical force). Of course, this court is bound by Eighth Circuit precedent on this question.

Huntley next argues that under the principles established in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254,161 L. Ed. 2d 205 (2005), and earlier in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), this court is not permitted to use police reports or complaint applications to determine the elements of a predicate offense resulting from a guilty plea. (Doc. No. 28-2, pp. 4-7) In *Shepard*, the Supreme Court applied the principles of *Taylor* to a situation where the predicate offense resulted from a guilty plea, and held, "[E]nquiry . . . to determine [the] necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263.

Huntley's argument is not without merit. In *United States v. Trimble*, 415 F. Supp. 2d 1015 (D. Neb. 2006), the court applied *Shepard* in granting the defendant's motion in limine in a prosecution under section 922(g)(9). The court held, "If the government can only prove that the defendant entered a plea of guilty to conduct that does not fall within section 921(a)(33)(A), then the prior offense cannot serve as a predicate offense for the federal prosecution." *Trimble*, 415 F. Supp. 2d at 1016-17. *See also United States v. Rice*, 2007 WL 128889, slip op., (D.S.C. Jan. 16, 2007) (agreeing with the holding in *Trimble*); *United States v. Nobriga*, 408 F.3d 1178 (9th Cir. 2005) (holding it was error to rely on a police report and a plea colloquy to determine that a misdemeanor crime of domestic violence had been committed); *but see United States v. Hayes*, 377 F. Supp. 2d 540, 542 (N.D. W. Va. 2005) (holding this is an issue for the jury). However, similar reasoning does not apply here, where the state court judgment establishes, on its face, that

8

Huntley pled guilty to an assault under section 708.1(1). *See Trimble*, 415 F. Supp. 2d at 1017 (the government can rely, *inter alia*, upon the judgment to establish the elements of the predicate offense).

IT IS THEREFORE RESPECTFULLY RECOMMENDED, unless any party files objections to this Report and Recommendation as specified below, that Huntley's motion to dismiss be **denied**.

Any party who objects to this report and recommendation must serve and file specific, written objections **by no later than March 6, 2007**. Any response to the objections must be served and filed **by no later than March 13, 2007.**

**IT IS SO ORDERED.**

**DATED** this 20th day of February, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT