**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS HUNTLEY,<br><br>Defendant. | No. CR06-4112-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 4** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On December 14, 2006, an indictment was returned against defendant Thomas Huntley charging him with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (Counts 1 and 4), distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Count 2), and with using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3). Defendant Huntley has filed a Motion To Dismiss Counts 1 And 4 Of The Indictment (#28). In his motion, defendant Huntley asserts that Counts 1 and 4 of the indictment should be dismissed because the predicate misdemeanor crime of domestic violence underlying those charges, a November 6, 1995, assault conviction in Iowa District Court for Monona County, Iowa, does not constitute, as a matter of law, a "misdemeanor crime of domestic violence" for purposes of section 922(g)(9). The government filed a timely resistance to defendant Huntley's motion in which it contends that defendant Huntley's assertions go to the strength of the government's case and do not constitute a proper basis for a motion to dismiss.

Defendant Huntley's Motion To Dismiss Counts 1 And 4 Of The Indictment was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On February 20, 2007, Judge Zoss filed a Report and Recommendation in which he recommended that defendant Huntley's Motion To Dismiss Counts 1 And 4 Of The Indictment be denied. Judge Zoss concluded that the state court judgment establishes that defendant Huntley did not just plead to a generic "simple assault" charge, but he specifically pled guilty to an assault under Iowa Code § 708.1(1) and that the requirement of "physical force" in 18 U.S.C. § 921(a)(33)(A)(ii) is satisfied by a conviction under Iowa Code § 708.1(1). Judge Zoss also rejected defendant Huntley's argument that, under the principles established in *Shepard v. United States*, 544 U.S. 13 (2005), the court could not use the state complaint application to determine the elements of a predicate offense resulting from a guilty plea, concluding that such reasoning was inapplicable here where the state court judgment establishes, on its face, that defendant Huntley pled guilty to an assault under Iowa Code § 708.1(1). Accordingly, Judge Zoss recommended that defendant Huntley's Motion To Dismiss Counts 1 And 4 Of The Indictment be denied. Defendant Huntley has filed objections to Judge Zoss's Report and Recommendation. The government has not filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Huntley's Motion To Dismiss Counts 1 And 4 Of The Indictment.

## II. LEGAL ANALYSIS
### A. Standard Of Review

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of

2

> those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, defendant Huntley has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Huntley's Motion To Dismiss Counts 1 And 4 Of The Indictment.

3

### *B. Defendant's Objections To Report And Recommendation*

The gist of defendant Huntley's objections is that the conclusion reached by Judge Zoss in his Report and Recommendation is incorrect and that the court cannot find as a matter of law that his November 6, 1995, assault conviction constitutes a "misdemeanor crime of domestic violence" for purposes of section 922(g)(9).

Federal law prohibits any person who has been convicted of a misdemeanor crime of domestic violence from possessing firearms. 18 U.S.C. § 922(g)(9). Section 921(a)(33)(A) defines the term "misdemeanor crime of domestic violence" as follows:

> [T]he term "misdemeanor crime of domestic violence" means an offense that-
> (i) is a misdemeanor under Federal or State law; and
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A).

In determining whether the crime to which defendant Huntley has pled guilty, assault pursuant to Iowa Code § 708.1(1), meets the criteria of § 921(a)(33)(A)(ii), the court is restricted to looking at "the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see United States v. Smith*, 171 F.3d 617, 620-21 (8th Cir. 1999) (holding that in applying § 922(g)(9) "we must look only to the predicate offense rather than to the defendant's underlying acts" and "[w]e may expand our inquiry under this categorical approach to review the charging papers and jury instructions, if applicable, only to determine under which portion of the assault statute Smith was convicted:); *see also United States v. Griffith*, 455 F.3d 1339, 1341 (11th Cir.

4

2006) (noting that in analyzing state conviction to determine if it met the statutory definition of a crime of domestic violence, the court "does not turn on the actual conduct underlying the conviction but on the elements of the state crime. . ."); *United States v. Shelton*, 325 F.3d 553, 558 n.5 (5th Cir. 2003) (noting that in applying § 922(g)(9), the court "look[s] to the elements set forth in the statute--not the actual conduct to determine whether the offense qualifies as a crime of domestic violence").

The Eighth Circuit Court of Appeals has previously held that an assault offense under Iowa Code § 708.1(1) "has, as an element, the use . . . of physical force" under 18 U.S.C. § 921(a)(33)(A)(ii) so as to meet that section's definition of "misdemeanor crime of domestic violence" and thus constitute a predicate offense for purposes of 18 U.S.C. § 922(g)(9). *See Smith*, 171 F.3d at 621. In *Smith*, the defendant was charged with simple misdemeanor assault following a 1994 incident involving the mother of his child. *Id.* at 619. The defendant pleaded guilty in 1994 to an Iowa state charge of misdemeanor assault pursuant to Iowa Code §§ 708.1 and 708.2(4).[1] *Id.* Thus, the court of appeals was called upon to determine whether a conviction based upon Iowa's misdemeanor assault statute qualified as a predicate offense for purposes of section 922(g)(9). *Id.* The difficulty facing the court lied in the fact that Iowa's assault statute contains alternative definitions of assault. As the Eighth Circuit Court of Appeals explained:

> Smith pleaded guilty to simple misdemeanor assault under Iowa Code § 708.2(4). The Iowa assault statute distinguishes between aggravated misdemeanor assaults, serious misdemeanor assaults, and simple misdemeanor assaults based on the level of intent and whether a dangerous weapon was

---

[1] In 1995, Iowa Code § 708.2(4) provided that "[a]ny other assault, except as otherwise provided, is a simple misdemeanor." The subsection was renumbered as Iowa Code § 708.2(6) in 2003.

5

involved. *See* Iowa Code § 708.2(1)-(4). All assaults are defined by reference to § 708.1, which defines "assault" as occurring when a person does any of the following:

> (1) Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another. . . .
>
> (2) Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive. . . .

Thus, a generic assault in Iowa may include, as an element, placing another in fear of imminent physical contact. If Smith pleaded guilty to § 708.1(2), then he was not convicted of an offense that "has, as an element, the use or attempted use of force." 18 U.S.C.A. § 921(a)(33)(A)(ii).

*Smith*, 171 F.3d at 620. Because it was unclear as to what portion of Iowa's assault statute Smith was convicted, the court of appeals noted that it was permitted to expand its inquiry "to review the charging papers and jury instructions, if applicable, only to determine under which portion of the assault statute Smith was convicted." *Id.* at 620-21. Upon such a review, the Eighth Circuit Court of Appeals observed:

> The state court complaint accused Smith of "commit[ting] an act which was intended to cause pain or injury to another, coupled with the apparent ability to execute said act." (Appellee's App. at 20.) The complaint recited that Smith grabbed Lorenson "by the throat, and did also push her down." ( Id.) Thus, Smith was charged under Iowa Code § 708.1(1), for committing an act intended to cause pain, injury, or offensive or insulting physical contact, rather than § 708.1(2), for placing one in fear of such contact. As such, Smith was charged, and pleaded guilty to, an offense with an element of physical force within the meaning of 18 U.S.C.A. § 921(a)(33)(A)(ii).

*Id.* at 621 (footnote omitted).

Here, in contrast to the situation in *Smith*, it is clear from the state court judgment that defendant Huntley pleaded guilty to a violation of Iowa Code § 708.1(1). The judgment plainly states:

> That pursuant to a plea agreement entered into by the parties, the Defendant enters a plea of guilty to the amended charge of Assault, in violation of Iowa Code 708.1(1), 708.2(4), a simple misdemeanor.

Judgment in Iowa District Court For Monona County at 1, Doc. No. 28-3. Thus, the court concludes that defendant Huntley pleaded guilty to an offense with an element of physical force within the meaning of 18 U.S.C. § 921(a)(33)(A)(ii). *See Smith*, 171 F.3d at 621. Therefore, the court concludes that the state court record in this case is legally sufficient to prove the predicate offense and defendant Huntley's objections to Judge Zoss's Report and Recommendation are denied.[2]

---

[2] In reaching this conclusion, the court notes that § 922(g)(9) does not require that the underlying misdemeanor crime charge a domestic relationship as an element. Rather, it requires only that the misdemeanor have been committed against a person who was in one of the specified domestic relationships. *See Smith*, 171 F.3d at 620; *see also United States v. Nobriga*, 474 F.3d 561, 563 (9th Cir. 2006); *United States v. Shelton*, 325 F.3d 553, 561 (5th Cir. 2003); *White v. Department of Justice*, 328 F.3d 1361, 1364 (Fed. Cir. 2003); *United States v. Kavoukian*, 315 F.3d 139, 144-45 (2d Cir. 2002); *United States v. Barnes*, 295 F.3d 1354, 1360-61 (D.C. Cir. 2002); *United States v. Chavez*, 204 F.3d 1305, 1313-14 (11th Cir. 2000); *United States v. Meade*, 175 F.3d 215, 218-19 (1st Cir. 1999). Thus, the domestic relationship element of § 922(g)(9) need not be an element of the predicate offense but is instead an element of the offense to be proven at trial. *See Nobriga*, 474 F.3d at 563.

### *III. CONCLUSION*

Therefore, for the reasons set out above, the court, upon a *de novo* review of the record, accepts Judge Zoss's Report and Recommendation and **denies** defendant Huntley's Motion To Dismiss Counts 1 And 4 Of The Indictment.

**IT IS SO ORDERED.**

**DATED** this 12th day of March, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

8